**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **FRANKLIN FEIJO,**<br><br>      Plaintiff,<br><br>vs.<br><br>**EPHANIO DRYWALL CO., LLC,**<br>**FLAVIA T. RODRIGUES, individually**<br>**and JOSE H. RODRIGUES, individually,**<br><br>      Defendants. | **COMPLAINT**<br><br>**Jury Trial Demanded** |

Plaintiff FRANKLIN FEIJO ("Feijo" or "Plaintiff"), by and through his attorneys, upon personal knowledge and upon information and belief, brings this Action against Defendants EPHANIO DRYWALL CO., LLC ("Ephanio" or "Defendant"), and FLAVIA T. RODRIGUES ("Flavia"), individually and JOSE H. RODRIGUES ("Humberto") ("Flavia" and "Humberto" are collectively individual Defendants") (collectively "Defendants"), and alleges as follows:

**INTRODUCTION**

1.  Plaintiff brings this lawsuit seeking recovery against Defendants for Defendants' violation of the Fair Labor Standards Act, as amended (the "FLSA" or the "Act"), 29 U.S.C. §201 et. seq. and the New Jersey State Wage Payment Law, N.J.S.A. 34:11-56a *et seq.* (as amended on August 6, 2019, S1790), and associated New Jersey Administrative Code, Ch.12:56-1:1, *et. seq.* ("NJAC")("collectively "NJWHL"), and the Law Against Discrimination (LAD) N.J. Stat. 10:5-12(d).

1

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and by 29 U.S.C. § 201, *et.seq.*

3. This Court has subject matter jurisdiction over Plaintiff's NJWHL claims pursuant to 28 U.S.C. §§ 1332 and 1367.

4. Venue is proper in the District of New Jersey pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

5. At all times material hereto, Plaintiff performed drywall labor duties for the Defendants in New Jersey and based from Defendants' headquarters located in Newark, Essex County, NJ. Defendants are therefore within the jurisdiction and venue of this Court.

6. At all times pertinent to this Complaint, the Defendant, Ephanio, is a construction company, specializing in drywall construction. Ephanio is engaged in interstate commerce or in the production of interstate goods for commerce as defined by the Act, 29 U.S.C. §§ 203(r) and 203(s). More specifically, Defendants purchase goods and materials that move through the channels of interstate commerce in the performance of their daily jobs. Alternatively, Plaintiff worked in interstate commerce, i.e., using the tools and products which moved through interstate channels so as to produce an end product for Defendants' consumers. Thus, Plaintiff falls within the protections of the Act.

## PARTIES

7. Plaintiff Feijo is an adult individual who is a resident of Belleville, Essex County, New Jersey.

8. Plaintiff Feijo was employed by Defendants full time as a drywall laborer, for approximately sixteen (16) years, or from 2004, until in or about February 14, 2020.

9. The individual Defendants own, operate, and/or manage Ephanio.

10. Ephanio is headquartered in Newark, Essex County, New Jersey.

11. At all times relevant to this Complaint, the Defendants, employ individuals to perform labor services on behalf of the Defendants.

12. Upon information and belief, at all times relevant to this Complaint, the corporate Defendant Ephanio's annual gross volume of sales made or business done was not less than $500,000.00.

13. At all times relevant to this Complaint, the Defendant Ephanio was and is an employer engaged in commerce under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.

14. Upon information and belief, Defendant Flavia Rodrigues is a New Jersey state resident.

15. Upon information and belief, at all times relevant to this Complaint, individual Defendant Flavia has been an owner, partner, officer and/or manager of Ephanio.

16. Upon information and belief, at all times relevant to this Complaint, individual Defendant Flavia has had power over personnel decisions at Ephanio.

17. Defendant Flavia Rodrigues was present at the business headquarters regularly, and managed the day to day financial operations, the company time and pay practices and had the power to change same.

18. Upon information and belief, Defendant Jose Rodrigues is a New Jersey state resident.

19. Upon information and belief, at all times relevant to this Complaint, individual Defendant Humberto has been an owner, partner, officer and/or manager of Ephanio.

20. Upon information and belief, at all times relevant to this Complaint, individual Defendant Humberto has had power over personnel decisions at Ephanio.

21. Defendant Humberto was present at the business headquarters every day, and managed the day to day operations, controlled the employees, the company pay practices and had the power to change same, and the power to hire and fire employees, set their wages, and otherwise control the terms of their employment.

## **FACTS**

22. Based upon the information preliminarily available, and subject to discovery in this cause, the Defendants did not properly compensate Plaintiff Feijo for his overtime hours worked in a work week.

23. Plaintiff Feijo was an hourly employee and his hourly rate of pay was $19.00 per hour.

24. Plaintiff Feijo routinely worked five (5) to six (6) days per week.

25. Plaintiff Feijo routinely worked approximately fifty-three (53) to sixty (60) hours per week.

26. Plaintiff Feijo was not paid for all hours he worked in a work week.

27. Further, Plaintiff Feijo was not paid at one-and-one half times his hourly rate of pay for his hours worked over forty (40) in a workweek.

28. Plaintiff Feijo was only paid his regular rate of pay for some of his hours worked in excess of forty each week.

4

29. Plaintiff Feijo was only able to take an uninterrupted thirty minute meal break one to two times per week. As such, three to four times per week, Plaintiff worked through his meal break.

30. Despite that Plaintiff Feijo was not routinely able to take his meal break, Defendants deducted thirty minutes (30) each day for lunch.

31. Plaintiff routinely complained to Defendants about their unlawful time and pay practices and policies and requested that he get paid one and one half times his regular rate of pay for all hours worked in excess of forty (40) in a workweek, and further that he get paid for the time he worked through his meal break, in accordance with the law.

32. Plaintiff routinely complained to Defendants about their failure to adequately document his hours worked and pay received and further requested that he receive his pay via a paycheck instead of cash such that his hours worked and his rate of pay would be documented, as is required by the law.

33. Plaintiff was terminated by Defendants in direct response to his complaints about Defendants' violation of the law.

34. Defendants did not have a policy or practice with respect to sick days.

35. Defendants have engaged in a widespread pattern, policy, and practice of violating the FLSA and NJWHL, as described in this Complaint.

36. At all times material hereto, Plaintiff was performing his duties for the benefit of and on behalf of Defendants.

37. This cause of action is brought to recover from Defendants overtime compensation, damages for retaliation, liquidated damages, and the costs and reasonable attorneys' fees under the

provisions of 29 U.S.C. §201,*et.seq.*, as well as applicable provisions of NJWHL, on behalf of Plaintiff during the material time.

38. At all times pertinent to this complaint, Defendants failed to comply with Title 29 U.S.C. §§ 201-209, as well as applicable provisions of the NJWHL, in that Plaintiff performed services and labor for Defendants for which Defendants made no provision to pay Plaintiff compensation to which he was lawfully entitled for all of his hours worked in excess of forty (40) within a work week.

39. At all times pertinent to this complaint, Defendants failed to comply with Title 29 U.S.C. §§ 201-209, as well as applicable provisions of the NJWHL, in that Plaintiff performed services and labor for Defendants, yet Defendants retaliated against Plaintiff when he attempted to assert their legal rights.

40. Plaintiff has retained the law office of Jaffe Glenn Law Group, P.A. to represent him individually and incurred attorneys' fees and costs in bringing this action. Pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recovery of reasonable attorneys' fees and costs.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION
## PURSUANT TO THE FLSA

41. Plaintiff re-alleges, and incorporates here by reference, all allegations contained in Paragraphs 1 through 39 above.

42. Plaintiff is entitled to be paid additional compensation for each of his overtime hours worked per work period.

43. Defendants knowingly and willfully failed to pay Plaintiff at time and one half of his regular rate of pay for his overtime hours worked in a work period.

44. By reason of the said intentional, willful, and unlawful acts of Defendants, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

45. As a result of Defendants' willful violations of the Act, Plaintiff is entitled to liquidated damages.

## COUNT II
## RECOVERY OF OVERTIME COMPENSATION
## PURSUANT TO THE NJWHL

46. Plaintiff re-alleges, and incorporates here by reference, all allegations contained in Paragraphs 1 through 44 above.

47. Plaintiff is entitled to one-and-one half times his regular hourly wage for each hour of working time in excess of 40 hours in any week.

48. Defendants' aforementioned conduct is in violation of the NJWHL.

49. As a direct and proximate cause of Defendants' actions, Plaintiff suffered damages, including but not limited to lost wages and liquidated damages.

## COUNT III
## RECOVERY OF DAMAGES FOR DEFENDANTS VIOLATION OF THE
## RETALIATION PROVISIONS OF THE FLSA

50. Plaintiff re-alleges and incorporates here by reference, all allegations contained in the paragraphs above.

51. FLSA, 29 U.S.C. § 215(a)(3), makes it unlawful for any person to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to [the FLSA]".

52. Defendants' above described actions constitute unlawful discrimination and discharge amounting to retaliation directly resultant from Plaintiff 's complaints made to Defendants about their unlawful pay practices.

53. As a direct and proximate result of Defendants' retaliation, Plaintiff has suffered and seeks to recover damages as provided for in the statute and for such other and further relief.

### COUNT IV
### RECOVERY OF DAMAGES FOR DEFENDANTS' VIOLATION OF THE RETALIATION PROVISIONS OF THE NJWHL

54. Plaintiff re-alleges and incorporates here by reference, all allegations contained in the paragraphs above.

55. NJ Stat. 34:11-56a24 makes it unlawful for an employer to discriminate against an employee who has, amongst other things, instituted a proceeding against her employer for a violation of the New Jersey Wage and Hour Law.

56. In addition to fines resultant from a conviction of a disorderly persons offense for such discrimination, a violator of NJ Stat. 34:11-56a24 shall also "pay any such employee wages lost as a result of such …discriminatory action, under penalty of contempt proceeding for failure to comply with such requirement."

57. Defendants' termination of Plaintiff directly resultant from his complaints of Defendants' unlawful pay practices constitutes unlawful intimidation, coercion, manipulation amounting to retaliation.

58. As a direct and proximate result of Defendants' retaliation, Plaintiff has suffered and seeks to recover damages as provided for in the statute and for such other and further relief.

### COUNT V
### RECOVERY OF DAMAGES FOR DEFENDANTS'

## DISCRIMINATION IN VIOLATION OF THE NEW JERSEY
## LAW AGAINST DISCRIMINATION

59. Plaintiff re-alleges, and incorporates here by reference, all allegations contained in the above paragraphs above.

60. Plaintiff 's allegation that he is entitled to unpaid wages resultant from Defendants' failure to compensate him accurately for his overtime hours worked is protected activity under the Law Against Discrimination (LAD) N.J. Stat. 10:5-12(d).

61. Immediately resultant from Plaintiff's complaints to Defendants regarding unpaid overtime, Defendants commenced retaliatory action, terminating Plaintiff, as described above.

62. Defendants' retaliatory actions, which began *only after* Plaintiff's complaints about Defendants' unlawful pay practices, constitutes coercion, intimidation, and interference with Plaintiff's absolute right to file a complaint asserting entitlement to compensation resultant from Defendants' unlawful acts of wage theft.

63. Defendants' retaliatory actions, the termination of Plaintiff, is directly resultant from Plaintiff's complaints against Defendants for unpaid wages. This retaliation is unlawful and actionable.

64. As a direct and proximate result of Defendants' actions, including but not limited to, Plaintiff's termination, Plaintiff has sustained injury and has suffered. Plaintiff seeks to recover compensatory damages, including but not limited to, lost wages, front pay, liquidated damages, emotional distress damages, and reasonable attorneys' fees and costs.

## COUNT VI
## RECOVERY OF DAMAGES FOR DEFENDANTS' VIOLATION OF NEW JERSEY'S PAID SICK <u>LEAVE STATUTE SICK LEAVE</u>

65. Plaintiff re-alleges, and incorporates here by reference, all allegations contained in the above paragraphs above.

66. Plaintiff was not provided sick leave.

67. Defendants did not have a policy by which Plaintiff earned sick leave.

68. As a result of not earning sick leave, Plaintiff suffered damages. Plaintiff seeks actual damages, as well as liquidated damages.

## **JURY TRIAL**

69. Plaintiff demands a jury trial.

WHEREFORE, Plaintiff FRANKLIN FEIJO demands judgment, against Defendants EPHANIO DRYWALL, LLC, and FLAVIA RODRIGUES, individually, and JOSE H. RODRIGUES, individually, as follows:

(1) on Plaintiff's first cause of action against Defendants in an amount to be determined at trial, including liquidated damages as permitted under the FLSA in the amount equal to the amount of unpaid wages, including third year damages, as well as interest, attorneys' fees and costs; and

(2) on Plaintiff's second cause of action against Defendants in an amount to be determined at trial, including liquidated damages as permitted under the NJWHL, as well as interest, attorneys' fees and costs; and

(3) on Plaintiff's third cause of action against Defendants for retaliation under the FLSA, in an amount to be determined at trial, including liquidated damages as permitted under the FLSA, as well as interest, attorneys' fees and costs; and

(4) on Plaintiff's fourth cause of action against Defendants for retaliation under the NJWHL, in an amount to be determined at trial, including liquidated damages as permitted under the statute, as well as interest, attorneys' fees and costs; and

(5) on Plaintiff's fifth cause of action against Defendants for discrimination under the New Jersey LAD, in an amount to be determined at trial, including all damages as permitted under the statute, as well as interest, attorneys' fees and costs; and

(6) on her remaining cause of action, in an amount to be determined at trial, plus attorneys' fees and costs.

Dated: March 11, 2020              Respectfully submitted,

**JAFFE GLENN LAW GROUP, P.A.**

/s/ Andrew I. Glenn
Andrew I. Glenn, Esq.
Email: Aglenn@jaffeglenn.com
Jodi J. Jaffe, Esquire
E-mail: jjaffe@JaffeGlenn.com
33 State Road, Suite A-1
Princeton, New Jersey 08540
Telephone: (201) 687-9977